UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| VALERIA RENE COLLINS LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | Case No. ED CV 16-01028-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Valeria Rene Collins Lewis ("Plaintiff") appeals from the Social Security Commissioner's final decision granting in part and denying in part her applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons discussed below, the Commissioner's decision is affirmed and this matter is dismissed with prejudice.

///

---

[1] On January 23, 2017, Berryhill became the Acting Social Security Commissioner. Thus, she is automatically substituted as defendant under Federal Rule of Civil Procedure 25(d).

# I.
# BACKGROUND

Plaintiff filed applications for DIB and SSI in March 2010, alleging disability beginning September 30, 2009. Administrative Record ("AR") 49-50, 116-22, 450-51. After her applications were denied, she requested a hearing before an administrative law judge ("ALJ"). AR 68-69. A hearing was held on February 22, 2013, at which Plaintiff, who was not represented by counsel, testified, as did a vocational expert ("VE"). AR 27-48. In a written decision issued March 7, 2013, the ALJ denied Plaintiff's claim for benefits. AR 11-26. Plaintiff requested review of the ALJ's decision. AR 9-10. After the Appeals Council denied review, AR 1-6, Plaintiff sought judicial review in this Court, AR 358-65. On March 3, 2015, the Court reversed the Commissioner's decision and remanded the case for further proceedings. AR 342-48. On April 26, 2015, the Appeals Council vacated the ALJ's decision and remanded the case to an ALJ "for further proceedings consistent with the order of the court." AR 371-74.

On January 21, 2016, the same ALJ held a hearing, AR 267-95, at which Plaintiff, who was represented by counsel, testified, as did a VE. AR 274-94. Plaintiff also amended her alleged onset date to December 20, 2012. AR 272-74. In a written decision issued February 18, 2016, the ALJ granted in part and denied in part Plaintiff's claim for benefits. AR 240-66. He found that Plaintiff had the following severe impairments:

> bilateral carpal tunnel syndrome, and right ulnar sensory neuropathy, status-post bilateral carpal tunnel surgeries; lower lumbar facet arthropathy and degenerative disc disease of the lumbar spine, with possible radiculopathy; cervical spondylosis; mild to moderate degenerative arthritis of the knees; torn meniscus and chondromalacia, left knee, status-post surgical repair;

2

hypertension; and bursitis.
AR 248. He found that despite those impairments, Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations: she could stand and walk for "about four hours" and sit for "about six hours" in an 8-hour work day; she could lift, carry, push, or pull 10 pounds frequently and 20 pounds occasionally; she could occasionally perform postural activities; and she could frequently use her bilateral hands but she could not "perform forceful grasping or torqueing with the bilateral hands (such as when opening a tight jar or holding a heavy object)." AR 249. Based on the VE's testimony, the ALJ found that before January 21, 2016, Plaintiff could perform jobs that existed in significant numbers in the national economy and she therefore was not disabled. AR 258-59. But based on the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly referred to as "the Grids"), the ALJ found that Plaintiff became disabled on January 21, 2016. Id.

The Appeals Council did not review the ALJ's decision, and the partially favorable decision became the final decision of the Commissioner. See 20 C.F.R. §§ 404.984, 416.1484. This action followed.

## II.
## DISCUSSION

Plaintiff argues that substantial evidence does not support (1) the ALJ's RFC assessment, (2) the disability onset date, and (3) the ALJ's step-five analysis.[2] See Joint Stipulation ("JS") at 5. For the reasons discussed below, the Court disagrees.

///

---

[2] Although the Joint Stipulation sets forth two disputed issues, it appears to present three distinct issues. The Court addresses the issues in an order different from that followed by the parties.

3

A.  **The ALJ's RFC Assessment**

Plaintiff contends that the ALJ's finding that she could stand and walk for 4 hours in an 8-hour workday was not supported by substantial evidence. See JS at 6-8.

1.  **Applicable Law**

A district court must uphold an ALJ's RFC assessment when the ALJ has applied the proper legal standard and substantial evidence in the record as a whole supports the decision. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ must consider all the medical evidence in the record and "explain in [his] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii);[3] see also 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) ("We will assess your residual functional capacity based on all

---

[3] Social Security Regulations regarding the evaluation of opinion evidence were amended effective March 27, 2017. Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision. See Lowry v. Astrue, 474 F. App'x 801, 805 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite subsequent amendment); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final."); Spencer v. Colvin, No. 15-05925, 2016 WL 7046848, at *9 n.4 (W.D. Wash. Dec. 1, 2016) ("42 U.S.C. § 405 does not contain any express authorization from Congress allowing the Commissioner to engage in retroactive rulemaking"); cf. Revised Medical Criteria for Determination of Disability, Musculoskeletal System and Related Criteria, 66 Fed. Reg. 58010, 58011 (Nov. 19, 2001) ("With respect to claims in which we have made a final decision, and that are pending judicial review in Federal court, we expect that the court's review of the Commissioner's final decision would be made in accordance with the rules in effect at the time of the final decision."). Accordingly, citations to 20 C.F.R. §§ 404.1527 and 416.927 are to the version in effect from August 24, 2012, to March 26, 2017.

the relevant evidence in your case record."). In making an RFC determination, the ALJ may consider those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. See Bayliss, 427 F.3d at 1217 (upholding ALJ's RFC determination because "ALJ took into account those limitations for which there was record support that did not depend on [claimant's] subjective complaints"); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that ALJ not required to "incorporate evidence from the opinions of [claimant's] treating physicians, which were permissibly discounted"). The Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "'evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citations omitted).

**2.    Analysis**

Plaintiff contends that the ALJ's finding that she retained the ability to stand and walk for 4 hours in an 8-hour workday was not supported by substantial evidence. See JS at 6-8 (citing AR 249). She argues that "the voluminous medical evidence supporting [her] severe spinal and knee impairments" demonstrated that she could stand and walk for only 2 hours in an 8-hour workday. Id. at 7. She further argues that the ALJ "has cited absolutely no evidence whatsoever, and no medical opinions [that] support" a 4-hour limitation. Id.

As an initial matter, an ALJ need not adopt any specific medical source's RFC opinion as his or her own. Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity."); 20 C.F.R. §§ 404.1546(c), 416.946(c) ("[T]he administrative law judge . . . is responsible for assessing your residual functional capacity."). The ALJ partially credited

5

the opinions of two state-agency consulting physicians, who each opined that Plaintiff could stand and walk for 6 hours in an 8-hour workday. AR 256 (citing AR 202, 205, 208-10). But the ALJ adopted greater limitations than those found by the state-agency consultants because the "overall evidence of record" demonstrated that Plaintiff's condition was "more severe than originally thought." Id. Thus, "[b]ased on [Plaintiff's] knees and back impairments," he limited her to standing and walking for 4 hours. Id.

Before so doing, the ALJ extensively discussed Plaintiff's medical records. See AR 250-56. None of those medical records demonstrated that Plaintiff was more limited than the ALJ's RFC assessment. Moreover, Plaintiff fails to identify an opinion by a treating or examining physician that contradicts the state-agency consultants' opinions or the ALJ's RFC assessment. Instead, Plaintiff cites the treatment she received for her knee and low-back impairments, including "steroid injections, epidurals, surgery, TENS Unit, narcotic pain medications, pain management, [and] physical therapy." See JS at 6-7 (citing AR 229, 234, 558-623, 671-72, 680-81). But Plaintiff repeatedly told her providers that "[t]he pain medications are helping," AR 564, 567, 573, 576, 579, 582, 585, 588, 591, 597, 600, 605, 609, 613, 617, 621, her pain was relieved by the TENS unit, AR 582, 585, 600, and she experienced some relief from the lumbar epidural steroid injections, AR 567. And to the extent Plaintiff relies on her own subjective complaints of knee and low-back pain, her arguments fails because the ALJ found that she was not fully credible for several reasons, including that the medical record "create[d] an inference of drug-seeking behavior." See AR 250, 255-56. Plaintiff does not challenge the ALJ's credibility assessment.

In sum, the ALJ's RFC assessment was supported by substantial evidence. Remand is not warranted on this basis.

///

6

## B. Plaintiff's Disability Onset Date

Plaintiff contends that the disability onset date—January 21, 2016—was arbitrarily selected by the ALJ and unsupported by substantial evidence. See JS at 5-6. The Court disagrees.

At step five, the burden of proof shifts to the Commissioner to establish that other work in the national economy exists in "significant numbers" that the claimant could perform, taking into account her "residual functional capacity, age, education, and work experience." Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999); 20 C.F.R. §§ 404.1560(c), 416.960(c). The Grids "present, in table form, a short-hand method for determining the availability and numbers of suitable jobs for a claimant." Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006) (as amended Nov. 7, 2006). "The grids categorize jobs by their physical-exertional requirements, and set forth a table for each category." Id. A claimant's placement within the appropriate table is determined by a "matrix of the four factors identified by Congress—physical ability, age, education, and work experience." Heckler v. Campbell, 461 U.S. 458, 461-62 (1983). For each combination of these factors, the Grids direct a finding of either "disabled" or "not disabled" based on the number of jobs in the national economy that the claimant could perform. Lounsburry, 468 at 1115.

The age factor is divided into three categories: a "younger person" is a person under age 50; a "person closely approaching advanced age" is between ages 50 and 54; and a "person of advanced age" is age 55 and over. 20 C.F.R. §§ 404.1563, 416.963. Because "age significantly affects a person's ability to adjust to other work," the Social Security Administration has "special rules for persons of advanced age." §§ 404.1563(e), 416.963(e). An ALJ must consider whether an older age category would be more appropriate when a claimant is "within a few days to a few months of reaching an older age category, and

using the older age category would result in a determination or decision that [the claimant is] disabled." Schiel v. Comm'r of Soc. Sec., 267 F. App'x 660, 660-61 (9th Cir. 2008) (citing 20 C.F.R. § 404.1563(b)). That is precisely what the ALJ did in this case.

In his written decision, the ALJ considered Plaintiff's borderline age status and noted that she would turn 55 in February 2016, about a month after the administrate hearing. AR 257-58. However, he gave Plaintiff "the benefit of the doubt" and used the date of the hearing as the onset date, rather than "using the age categories in a mechanical fashion." AR 258. Thus, the disability onset date was not arbitrary, and the ALJ properly applied the Grids at step five.

Remand is not warranted on this ground.

## C. The ALJ's Step-Five Analysis

Plaintiff contends that the ALJ improperly determined at step-five that she could perform alternative work before January 21, 2016. See JS at 10-12.

### 1. Applicable Law

The Dictionary of Occupational Titles ("DOT") is the best source of information about how a job is generally performed. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1166 (9th Cir. 2008); see also 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (noting that Social Security Administration takes administrative notice of DOT). To rely on a VE's testimony regarding the requirements of a particular job, an ALJ must first inquire as to whether the testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p, 2000 WL 1898704, *4 (Dec. 4, 2000)). When such a conflict exists, the ALJ may accept VE testimony that contradicts the DOT only if the record contains "persuasive evidence to support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (citing Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)).

8

## 2. Relevant Facts

At the January 21, 2016 hearing, the VE said he would let the ALJ know if his testimony was different from the DOT or its "companion publication," the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"). See AR 288; SSR 00-4P, 2000 WL 1898704, at *2 (at steps four and five, Social Security Administration relies "primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy"). The VE testified that a hypothetical person with Plaintiff's RFC—including a limitation to standing and walking for 4 hours in an 8-hour workday—could perform the jobs of electronics worker, small-products assembler, and ticket taker. AR 289-91. The VE testified that approximately 90,000 electronics worker positions, 70,000 small-products assembler positions, and 80,000 ticket taker positions existed within the national economy. AR 291.

Plaintiff's counsel then asked the VE, "What makes the ticket taker a light job?" Id. The VE responded,

> I believe in looking at that definition over the years, it's the standing that would be required in that, in that work. I think that's how it's defined, and it kind of falls into that whole category of lobby attendants and ushers and ticket takers. And though it's defined as light, the ticket taker positions I have looked at over the years, the individual could sit or stand performing their tasks.

Id. Plaintiff's counsel then asked,

> So, even though that job is a light job based on standing requirements, if the person can't stand six hours a day you're still, you're still saying—I mean that—it still constitutes a light job? I'm struggling with it a little bit, but I guess you're saying the standing makes it a light job? It's not really a sedentary job because of the

9

flexibility?

AR 292. The VE responded, "Correct." Id. Plaintiff's attorney did not challenge the VE's job numbers, ask about their source, or present any alternative job data.

In his written decision, the ALJ determined, under SSR 00-4P, that the VE's testimony was "consistent with the information contained in the [DOT]." AR 259. Based on the VE's testimony, the ALJ found that, before January 21, 2016, Plaintiff had been able to perform other work that existed in significant numbers in the national economy. Id.

**3.   Analysis**

Plaintiff contends that the ALJ erroneously determined at step five that, before January 21, 2016, she could have worked as an electronics worker, small-products assembler, and ticket taker. See JS at 10-11. Plaintiff argues that the DOT descriptions of those jobs require more than 4 hours of standing and walking and the VE did not provide a reasonable explanation for the conflict. See id.

Plaintiff is correct that a job should be rated as light work if "it requires walking or standing to a significant degree." See JS at 10; DOT 726.687-010, 1991 WL 679633; DOT 706.684-022, 1991 WL 679050; DOT 344.667-010, 1991 WL 672863. But the DOT also indicates that a job that "requires sitting most of the time but entails pushing and/or pulling of arm or leg controls" should also be rated as light work. See DOT 726.687-010, 1991 WL 679633; DOT 706.684-022, 1991 WL 679050; DOT 344.667-010, 1991 WL 672863; see also SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983) (explaining that "primary difference between sedentary and most light jobs" is that light work "requires a good deal of walking or standing," but jobs that involve "sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work" are also light jobs).

Thus, there was no conflict between Plaintiff's RFC and the DOT. See Garoutte v. Colvin, No. 15-00169, 2016 WL 1420977, at *8 (D. Or. Apr. 11, 2016) (finding that VE's testimony that plaintiff "could perform jobs classified as 'light work' within the DOT was not necessarily inconsistent with the ALJ's finding that [p]laintiff could not stand or walk for more than four hours in an eight-hour workday"); Devore v. Comm'r of Soc. Sec., No. 14-00663, 2015 WL 3756328, at *4 (E.D. Cal. June 16, 2015) (finding that "limitation of four hours standing/walking is not necessarily inconsistent with the 'light work' jobs identified by the DOT"); accord Jones v. Colvin, No. 14-0530, 2015 WL 3952309, at *1 (C.D. Cal. June 29, 2015).

Plaintiff next argues that the ALJ erred in relying on the VE's testimony that the identified jobs existed in significant numbers in the national economy. See JS at 11-12. She attached to the Joint Stipulation printouts from "Job Browser Pro," a software program that compiles and analyzes job statistics. See Dkt. 20-1, 20-2, 20-3. According to the information contained in these reports, significantly fewer electronics-worker, small-products-assembler, and ticket-taker positions were available in the national economy than the VE had claimed. See JS at 11-12.

As an initial matter, Plaintiff failed to raise this issue or submit any Job Browser Pro printouts to the Social Security Administration at any point before the ALJ's February 23, 2016 decision. "Counsel are not supposed to be potted plants at administrative hearings. They have an obligation to take an active role and to raise issues that may impact the ALJ's decision while the hearing is proceeding so that they can be addressed." Solorzano v. Astrue, No. 11-369, 2012 WL 84527, at *6 (C.D. Cal. Jan. 10, 2012); see also Nash v. Colvin, No. 15-2386, 2016 WL 4059617, at *4 (C.D. Cal. July 27, 2016) (explaining that "finding of waiver is particularly appropriate because [p]laintiff's argument rests entirely on new Job Browser Pro evidence that the

Commissioner was never given an opportunity to weigh or evaluate"). Plaintiff's failure to submit the Job Browser Pro evidence during the administrative proceedings effectively invited the alleged error now at issue. See Valenzuela v. Colvin, No. 12-0754, 2013 WL 2285232, at *3 (C.D. Cal. May 23, 2013) (rejecting plaintiff's argument that ALJ erred in relying on VE's testimony about number of jobs in economy plaintiff could perform in part because "plaintiff waited until after the ALJ's adverse decision to submit alternative jobs data to the Appeals Council").

Moreover, the Job Browser Pro evidence presented by Plaintiff was unaccompanied by any analysis or explanation from a VE or other expert source to put the raw vocational data into context. Plaintiff's lay assessment of the Job Browser Pro data is insufficient to undermine the reliability of the VE's opinion, which the ALJ adopted at step five. See id. at *4. And although the regulations state that the Commissioner will take administrative notice of reliable job information from "various governmental and other publications," Job Browser Pro is not included among the listed sources. See §§ 404.1566(d), 416.966(d); see Cardone v. Colvin, No. 13-1197, 2014 WL 1516537, at *5 (C.D. Cal. Apr. 18, 2014) (noting that "Job Browser Pro is not among those publications specifically listed by the Commissioner"); see also Peck v. Colvin, No. 12-577, 2013 WL 3121280, at *4 n.3 (C.D. Cal. June 19, 2013) (noting that Job Browser Pro is not included in "list of published sources recognized in social security regulations"). Finally, "[a]n ALJ may take administrative notice of any reliable job information, including information provided by a VE." Bayliss, 427 F.3d at 1218. Thus, the "VE's recognized expertise provide[d] the necessary foundation" for his testimony and "no additional foundation" was required. See id.; see also Rincon v. Colvin, 636 F. App'x 963, 964 (9th Cir. 2016) (finding that VE's expertise "was an adequate basis for the VE's testimony regarding the number of jobs available" given that plaintiff's

"counsel did not challenge the VE's expertise" at the hearing).

Based on the foregoing, the ALJ's step-five determination was supported by substantial evidence. Remand is not warranted.

## III.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: August 15, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge